**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ZAMPERLA, INC.,

        Plaintiff,

vs.                                        Case No. 6:11-cv-1838-Orl-37KRS

S.B.F., d/b/a SBF/VISA GROUP,

        Defendant.

**ORDER
GRANTING PERMANENT INJUNCTION**

This case is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 28) entered October 5, 2012 recommending that the Court grant Plaintiff's Motion for Final Default Judgment and Injunction (Doc. 28). No objections have been filed, and the time for filing them has expired.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a *de novo* review of those findings. *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also* 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions *de novo. See Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *United States v. Rice*, No. 2:07-mc-8–FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge with some modifications with regard to the

disposition of the claims in Count I of the Complaint. The Magistrate Judge concluded that Plaintiff pleaded sufficient facts in its complaint for a default judgment to be granted on Counts II, III, IV, and V of the complaint. (Doc. 28.) This Court agrees.

In addition, this Court construes Plaintiff's request for final judgment and its decision to forego an award of monetary damages as an abandonment of the claims in Count I of the complaint. The Court therefore dismisses such claim with prejudice.

With regard for the defaulted claims, Plaintiff seeks a permanent injunction. A party seeking a permanent injunction must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law . . . are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *see also Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005). The decision to grant or deny a permanent injunction "is an act of equitable discretion by the district court." *eBay*, 547 U.S. at 391 (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1982)).

The Court finds injunctive relief is warranted. Defendant is producing and offering for sale in the United States products that are confusingly similar to Plaintiff's products. Defendant's infringement and unfair competition are inequitable and therefore legal remedies are insufficient to compensate Plaintiff. *See Coach, Inc. v. Just A Boun, LLC*, No. 6:11-cv-797-Orl-18GJK, 2011 WL 6318966 at *4 (M.D. Fla. Nov. 8, 2011). The hardship to Plaintiff arising from Defendant's infringement and unfair completion outweighs any possible hardship that an injunction would visit upon Defendant. In the present case, the public interest would be served by the issuance of an injunction which

would immediately prevent further confusion of customers from occurring and further violation of FDUTPA. *See, e.g.*, *Sundor Brands, Inc. v. Borden, Inc.*, 653 F.Supp. 86, 93 (M.D. Fla. 1986).

Accordingly, it is hereby ordered as follows:

1. The Report and Recommendation (Doc. 28) of the Magistrate Judge is **ADOPTED**, as modified, as the opinion of the Court;

2. Plaintiff's Motion for Final Default Judgment and Injunction (Doc. 28) is **GRANTED**. Count I of the Complaint is dismissed with prejudice. The Court awards costs.

3. The Clerk is directed to enter a default judgment against Defendant S.B.F., d/b/a SBF/VISA GROUP and in favor of Plaintiff Zamperla, Inc. in substantially the following form:

   > A decision having been rendered on the Motion for Default Judgment, IT IS ORDERED AND ADJUDGED that Plaintiff, Zamperla, Inc., recover from Defendant, S.B.F., d/b/a SBF/VISA GROUP, the amount of $0; that Plaintiff recover costs from Defendant; and that Defendant be enjoined from marketing, promoting, selling, or delivering any reproduction, counterfeit, copy, colorable imitation, confusingly similar, or substantially similar version of the Plaintiff's "Jump Around" amusement ride, either alone or acting in concert with another, in the United States of America.

4. The Clerk of Court is further instructed to terminate all pending motions

and deadlines and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 23, 2012.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record